IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK E. YBARRA,            )
                            )   2:11-cv-02560-GEB-KJN
           Plaintiff,       )
                            )
     v.                     )   ORDER TO SHOW CAUSE AND
                            )   CONTINUING STATUS (PRETRIAL
UNIVERSAL RECOVERY CORPORATION, )   SCHEDULING) CONFERENCE
                            )
           Defendant.       )
_____)

The September 29, 2011, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on January 30, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The September 29, 2011, Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than January 30, 2012, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

1

a hearing is requested, it will be held on February 27, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

     IT IS SO ORDERED.

Dated:  January 19, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).