IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. YBARRA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>UNIVERSAL RECOVERY CORPORATION,  )<br>  )<br>    Defendant.  )<br>_____  ) | 2:11-cv-02560-GEB-KJN<br><br><u>ORDER TO SHOW CAUSE AND<br>CONTINUING STATUS (PRETRIAL<br>SCHEDULING) CONFERENCE</u> |

        The September 29, 2011, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on January 30, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The September 29, 2011, Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than January 30, 2012, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

1

1  a hearing is requested, it will be held on February 27, 2012, at 9:00
2  a.m., just prior to the status conference, which is rescheduled to that
3  date and time. A status report shall be filed no later than fourteen
4  (14) days prior to the status conference.
5      IT IS SO ORDERED.
6  Dated:  January 19, 2012

        _____
        GARLAND E. BURRELL, JR.
        United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1442 (10th Cir. 1984), <u>cert.</u> <u>denied</u>, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. <u>In re Hill</u>, 775 F.2d 1385, 1387 (9th Cir. 1985).